UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

AMBER SIEDLER,

Debtor.

Bankruptcy Case No: 25-14965 TBM
Chapter 7

_____

**ORDER GRANTING MOTION TO REINSTATE CASE AND STRIKING NOTICE**
_____

THIS MATTER comes before the Court on the "Motion to Reinstate Case" (the "Corrected Motion," Docket No. 14), filed by the Debtor on August 27, 2025.

Amber Siedler (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on August 7, 2025.  Her initial filing was deficient since she failed to file with her petition a "verified statement that gives the debtor's social-security number or states that the debtor does not have one (Form 121)" as required by Fed. R. Bankr. P. 1007(f).  Accordingly, on August 8, 2025, the Court issued an "Order for Compliance with Federal Bankruptcy Rule 1007 or Other Applicable Rules of Procedure" (Docket No. 5, the "Order for Compliance") in which it noted that the verified statement had not been filed.  The Court warned that the Debtor's case would be dismissed if the deficiency were not cured by August 11, 2025.  After the Debtor failed to file the verified statement regarding the social security number by the deadline set forth in the Order for Compliance, the Court entered an "Order Dismissing Case" (Docket No. 7, the "Dismissal Order").

The Debtor, through counsel, Jason A. Kinnaird ("Counsel"), filed a "Motion to Reinstate Case" (Docket No. 10), notice pursuant to L.B.R. 9013-1 of such Motion (Docket No. 11), and a statement of social security number (Docket No. 12) on August 26, 2025.  Because Counsel used the wrong event to file the original Motion to Reinstate Case, he refiled the Corrected Motion the next day.

In the Motion, the Debtor requests that the Court reinstate her case pursuant to Fed. R. Bankr. P. 9024, stating, in part:

> 5. The Court dismissed the case pursuant to rule Fed. R. Bankr. P. 1007(f). for failure to timely file form 121.
>
> 6. The 121 form was not initially filed correctly due to a bankruptcy software glitch that occurred at the time of filing.
>
> 7. Upon information and belief, two devices were logged into the same case on the same user account.   One of the users logged off during filing causing the case not to be completely filed.
>
> 8. There have been no attempts to collect debts nor has any payments of debt been made during the period of dismissal.
>
> 9. At this time, we respectfully request the case be reinstated as the 121 form will be filed directly with this motion.

   Based on the statements in the Corrected Motion, the Court finds that, while the initial failure to file the social security statement may be the result of inadvertence and mistake on the part of Counsel, Counsel's failure to address the matter after the Court's issuance of the Order for Compliance was not.  Indeed, Counsel's failure to address the Order for Compliance is not at all excusable.  Nevertheless, recognizing that it is the Debtor who will suffer if the Court does not reinstate the case, the Court will grant the Motion.

   **In the future, counsel for the Debtor must pay close attention to *every order or notice* received from the Court.**  Here, Counsel's failure has caused unnecessary work for the Court and, the Court would assume, distress to the Debtor that could easily have been avoided.  **The Court warns that any future failure to correct noticed deficiencies could result in the Court's denying a motion to reconsider or reinstate and/or the imposition of an appropriate sanction.**

   In accordance with the foregoing, it is

   ORDERED that the Motion is GRANTED.  The Dismissal Order is VACATED and the case is hereby REINSTATED.  It is

   FURTHER ORDERED that the Debtor's counsel shall promptly contact the Chapter 7 Trustee, Tom Connolly, to determine whether he wishes to reschedule the section 341 meeting of creditors.  It is

   FURTHER ORDERED that the Debtor shall send a copy of this Order, along with a notice of the time and date of the meeting of creditors, to all creditors and parties in interest and shall file a certificate of service evidencing such service on or before **September 2, 2025,** failing which this case may be dismissed again without further notice.  It is

   FURTHER ORDERED that the notice (Docket No. 11) issued by the Debtor in connection with the Motion to Reinstate Case and Corrected Motion SHALL BE STRICKEN and are deemed ineffective, since neither Fed. R. Bankr. P. 60(b)(1) nor Fed. R. Bankr. P. 9024 requires "notice and a hearing" prior to the Court's consideration of a motion seeking relief from an order dismissing a chapter 13 case, L.B.R. 9013-1 is inapplicable and no notice of such motion is required.

   DATED this 29th day of August, 2025.

            BY THE COURT:

            *Thomas B. McNamara*
            Honorable Thomas B. McNamara
            United States Bankruptcy Judge